902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul WALLEN, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 89-3562.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Claimant Paul Wallen appeals the decision of the Director of the Office of Workers' Compensation Programs ("the Director") denying him benefits claimed under the Black Lung Benefits Act ("the Act"), 30 U.S.C. Sec. 901, et seq. Claimant asserts that substantial evidence does not support the Director's denial. Without addressing that allegation, we vacate the Director's decision and remand the case to the Benefits Review Board for reconsideration.
 
 I.
 
 2
 Wallen was a coal miner for more than ten years during the period between 1947 and 1960. He filed for black lung benefits on June 4, 1984. After an initial denial, Wallen requested and was granted a formal hearing before an Administrative Law Judge ("ALJ") who also denied his claim.
 
 
 3
 In his September 4, 1986 order, the ALJ found that although claimant could not prove he had pneumoconiosis on the basis of chest X-rays, biopsy reports, or through any legal presumption, claimant established that he suffers from pneumoconiosis due to the "well-reasoned and fully documented" medical reports tracing his medical history. See 20 C.F.R. Sec. 718.202(a)(4). The ALJ found that claimant was totally disabled but denied claimant benefits because the evidence did not show that claimant, who also suffers from heart disease, was disabled solely due to pneumoconiosis as the ALJ believed 20 C.F.R. Sec. 718.204(a) required.
 
 
 4
 Claimant's appeal from that decision to the Benefits Review Board was temporarily sidetracked by a procedural dispute ultimately resolved by this court. Thereafter, the Benefits Review Board affirmed the ALJ's denial of benefits. From that final decision by the Director, claimant appeals.
 
 II.
 
 5
 Claimant grounds his appeal in a challenge to what he deems to have been an erroneous presumption on the part of the Director that, because claimant suffered from disabling cardiac disease, he therefore did not have a totally disabling respiratory impairment due in part to pneumoconiosis. A careful examination of the decisions of the ALJ and Benefits Review Board, upon which the Director relied, reveals that the Director did not engage in a correct analysis of claimant's claim.
 
 
 6
 In his September 4, 1986 ruling, the ALJ said:
 
 
 7
 None of the [medical] reports specifically ascribe claimant's disability to his pneumoconiosis. In light of claimant's extensive cardiac problems and the medical evidence which regularly listed claimant's arteriosclerotic heart disease as the primary diagnosis, it is reasonable to infer that claimant is disabled from his heart disease and not from his pneumoconiosis. Since claimant has not shown total disability due to pneumoconiosis, he is not entitled to benefits under the Act.
 
 
 8
 (Citation omitted.)
 
 
 9
 In its April 25, 1989 decision affirming the ALJ's ruling, the Benefits Review Board said:
 
 
 10
 Claimant ... contends that the administrative law judge mistakenly drew the conclusion that claimant is disabled by a cardiac condition and not pneumoconiosis. As the administrative law judge properly notes, none of the reports specifically linked claimant's disability to his pneumoconiosis. Contrary to claimant's contentions, the mere fact that [three of the doctors] ... diagnosed pneumoconiosis and heart disease does not prove that the pneumoconiosis is, in and of itself, totally disabling. Claimant, therefore, has failed to meet his burden.
 
 
 11
 (Emphasis added. Citation and footnote omitted.)
 
 
 12
 The ALJ seems to have assumed that, because claimant suffers from heart disease, his pneumoconiosis was not totally disabling. The Benefits Review Board incorrectly thought that pneumoconiosis must be the sole cause of claimant's total disability in order for an award of benefits to be proper.
 
 
 13
 In fact, a claimant is entitled to black lung benefits if he can demonstrate total respiratory disability due, at least in part, to pneumoconiosis related to coal mining. See Adams v. Director, Office of Workers' Compensation Programs, 886 F.2d 818, 825 (6th Cir.1989), in which this court held:
 
 
 14
 In order to qualify for benefits under Part 718 [ (i.e., 20 C.F.R. Sec. 718, et seq.) ], a miner, who is found to suffer from pneumoconiosis under section 718.202, must affirmatively establish only that his totally disabling respiratory impairment (as found under section 718.204(c)) was due "at least in part" to his pneumoconiosis. Cf. 20 C.F.R. Sec. 718.203(a). This interpretation of the ambiguous "due to" language, we believe, is more consistent with the beneficial purposes of the Act than is the Director's proposed construction.
 
 
 15
 Accord Meade v. Director, Office of Workers' Compensation Programs, No. 89-3164, slip op. (6th Cir. December 1, 1989) (per curiam).
 
 
 16
 Because neither the ALJ nor the Benefits Review Board determined whether claimant suffered from a total respiratory disability due, at least in part, to pneumoconiosis, as required by Adams and Meade, we remand the decision to the Benefits Review Board so that it may reconsider claimant's claim in light of those decisions.
 
 III.
 
 17
 For the foregoing reasons, the Director's April 25, 1989 decision is VACATED and the case is REMANDED for reconsideration consistent with this opinion.